**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PHILLIP WOOD, :
: Civil Action No. 05-1446 (FLW)
    Plaintiff, :
:
v. : **OPINION**
:
JUDGE THOMAS S. SMITH, :
et al., :
:
    Defendants. :

**APPEARANCES:**

    PHILLIP WOOD, Plaintiff <u>pro se</u>
    # 12573
    Ann Klein Forensic Center
    P.O. Box 7717
    W. Trenton, New Jersey 08628-9699

**WOLFSON**, District Judge

    Plaintiff Phillip Wood ("Wood"), is a civilly committed patient at the Ann Klein Forensic Center in West Trenton, New Jersey. He seeks to bring this action <u>in forma pauperis</u> pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence, the Court will grant plaintiff's application to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

    At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim

upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed.

## I.  BACKGROUND

In his Complaint, Wood contends that defendant, Judge Thomas S. Smith, had Wood involuntarily committed to a state mental hospital on October 18, 2002, when he did not require such treatment.  (Complaint, ¶ 6).  Wood also alleges that defendant Dr. Beneto Marty testified falsely in the Superior Court of New Jersey, on December 6, 2002.  (Id.).

Wood seeks compensatory money damages in an unspecified amount.  (Compl., ¶ 7).

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

In any civil action in which the plaintiff is proceeding in forma pauperis, the Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must

"accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery

3

was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

Wood brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48

(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV. ANALYSIS

### A. Claim Against Judge Smith

As a general rule, judges acting in their judicial capacity are absolutely immune (in both their individual and official capacities) from suit for monetary damages under the doctrine of judicial immunity. See Mireless v. Waco, 502 U.S. 9, 9 (1991). "Judicial immunity is an immunity from suit, not just from ultimate assessment of damages." Id., 502 U.S. at 11 (*citing* Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). The Supreme Court has made clear that

> judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.

Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); see also Pierson v. Ray, 386 U.S. 547, 554 (1967). Thus, judicial immunity can be overcome only for actions not taken in a judicial capacity, id., or for actions taken in a complete absence of all jurisdiction. Mireless, 502 U.S. at 11-12. Allegations that actions were undertaken with an improper motive diminishes neither their character as judicial actions nor the judge's immunity. See Forrester v. White, 484 U.S. 219, 227 (1988).

Here, Wood generally alleges that Judge Smith ordered that Wood be involuntarily committed to a mental hospital despite Wood's claim that he did not require such treatment. Wood does not assert that Judge Smith acted beyond the scope of his judicial authority. Presiding over Wood's commitment proceeding, Judge Smith would have the judicial authority to order that Wood be civilly committed after a hearing on the issue. Thus, there is nothing to indicate that Judge Smith acted beyond the scope of his authority in involuntarily committing Wood.

Wood also fails to allege that Judge Smith acted in the complete absence of all jurisdiction. Therefore, Judge Smith is absolutely immune for all claims asserted by Wood in his Complaint. The Complaint will be dismissed in its entirety as against Judge Smith, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii).

C. Claim as to Dr. Marty

Next, Wood complains that, on December 6, 2002, Dr. Marty testified falsely about Wood in court. Wood does not elaborate on the alleged perjury. However, it appears on the face of the Complaint that this claim is time-barred.

A court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Bethel v. Jendoco Construction Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (citation

6

omitted). Although the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate to dismiss sua sponte under § 1915(e)(2) a pro se civil rights claim whose untimeliness is apparent from the face of the Complaint. See, e.g., Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (holding, under former § 1915(d) in forma pauperis provisions, that sua sponte dismissal prior to service of an untimely claim is appropriate since such a claim "is based on an indisputably meritless legal theory"); Hall v. Geary County Bd. of County Comm'rs, 12 Fed. Appx. 855 (10th Cir. 2001) (unpub.) (applying Pino to current § 1915(e)); Rounds v. Baker, 141 F.3d 1170 (8th Cir. 1998)(unpub.) (same); Johnstone v. United States, 980 F.Supp. 148 (E.D. Pa. 1997) (same).

Civil rights claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. See Wilson v. Garcia, 471 U.S. 261, 280 (1985). Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. STAT. ANN. § 2A:14-2, governs plaintiff's claims. See Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989).

Here, the statute of limitations began to run, at the latest, when the defendant purportedly testified falsely against

Wood at court on December 6, 2002. See Sameric Corp. of Delaware v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998) (a section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based). This Complaint was received by the Court on or about March 9, 2005, and is dated by plaintiff on February 25, 2005, more than two months after Wood's claim accrued; therefore, any potential § 1983 claim based on this event is time-barred.

Moreover, Wood has not asserted facts suggesting any basis for statutory tolling. See, e.g., N.J. STAT. ANN. § 2A:14-21 (detailing tolling because of minority or insanity); N.J.S.A. § 2A 14-22 (detailing tolling because of nonresidency of persons liable). New Jersey law also permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum. See Freeman v. State, 347 N.J. Super. 11, 31 (N.J. Super. App. Div.) (citations omitted), certif. denied, 172 N.J. 178 (2002). "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where

it is demanded by sound legal principles as well as the interests of justice." Id.

When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine. See Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000). Under federal law, equitable tolling is appropriate in three general scenarios:

> (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

Id. n.9.

Here, the Complaint alleges no extraordinary circumstances that would permit equitable tolling under either New Jersey or federal law. There are no allegations that Wood was unaware of his rights in 2002, nor are there any allegations that defendants prevented Wood in any way from timely filing his Complaint. Therefore, because it is clear on the face of the Complaint that Wood's false testimony claim against Dr. Marty is time-barred, and no extraordinary circumstances are alleged to warrant equitable tolling, the claim will be dismissed with prejudice as untimely.

Moreover, even if the claim was timely, plaintiff fails to state a cognizable claim against Dr. Marty. Witnesses are absolutely immune from civil damages based upon their testimony

9

in court.  See Briscoe v. LaHue, 460 U.S. 325, 341-46 (1983). Accordingly, Dr. Marty is immune from liability with respect to any claims related to his testimony in court.

## V.   CONCLUSION

For the reasons set forth above, the Complaint must be dismissed in its entirety as against all defendants, with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii). An appropriate order follows.


                                    S/Freda L. Wolfson
                                    FREDA L. WOLFSON
                                    United States District Judge

Dated: May 2, 2005